IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

FRED TOM WEST, )
)
        Plaintiff, )
)
v. ) Case No. 14-CV-360-JED-PJC
)
METROPOLITAN RE INVESTORS, LLC, et al., )
)
)
        Defendants. )

## OPINION AND ORDER

In this action for negligence and premises liability, plaintiff moves for leave to amend his initial pleading and/or to join additional defendants. (Doc. 10). Plaintiff demands an expedited ruling on his motion based upon the representation that the "statute of limitations does is [sic] December 4, 2014." (*Id.* at ¶ 12). The Court interpreted plaintiff's statement to indicate that the statute of limitations may expire on December 4, 2014 as to certain potential defendants unless they are added before such expiration. As a result, on December 1, the Court ordered the defendant, Metropolitan Tulsa Investments, LLC (Metropolitan) to file an expedited response by 9:00 a.m. on December 3, less than two days from the entry of the minute order. (*See* Doc. 11).

The request to amend is purportedly based upon a discovery response provided by Metropolitan, in which Metropolitan indicated that "the subject property is owned by three entities: Metropolitan Investments, LLC, Mercury Tulsa, LLC and Lancaster Tulsa, LLC [and] is managed by T.H. Real Estate Services, LLC." (Doc. 10-1). That discovery response was served upon plaintiff's counsel over five months ago, on June 23, 2014, before the case was removed to this Court. (*See* Doc. 12-1 at 13; Doc. 2). Yet, according to plaintiff's own motion, plaintiff

waited until just days before the expiration of the statute of limitations before seeking expedited leave to amend to add the parties which were disclosed in the pre-removal discovery response.

Metropolitan indicates that two of the entities sought to be added as defendants – Lancaster Tulsa, LLC and Mercury Tulsa, LLC -- are foreign limited liability companies and are diverse with plaintiff such that Metropolitan "has little basis to object to their being joined in this lawsuit." (Doc. 12). In light of the lack of objection, the plaintiff's motion to amend to include Lancaster Tulsa, LLC and Mercury Tulsa, LLC as defendants is **granted**. As noted above, those entities and Metropolitan are co-owners of the subject property, such that their inclusion in this premises liability suit appears to be proper.

However, Metropolitan objects to the inclusion of T.H. Real Estate Services, LLC (THRS) on the basis that THRS is an Oklahoma LLC the only member of which is an Oklahoma resident, and is thus not diverse in citizenship. Metropolitan also objects to joining THRS because "THRS is not an owner of the property and has no individual liability to Plaintiff greater than any other individual employee or agent of the property owners" and is not an indispensable party. (Doc. 12 at 2). In his motion, plaintiff alleges in conclusory fashion, without any factual or legal support, that "[t]he parties Plaintiff seeks to add are indispensable." (Doc. 10 at ¶ 7). Plaintiff has provided no explanation of any facts or circumstances that make THRS, in particular, indispensable or necessary to this action. Despite the expedited response ordered by the Court (which was necessitated by plaintiff's own delay in seeking leave to amend until the eve of the expiration of the statute of limitations), Metropolitan provided argument and authority supporting its contention that THRS is not indispensable.

Metropolitan asserts that the Court should not permit plaintiff to add THRS at this time because the inclusion of THRS may defeat diversity jurisdiction. In *Freeport-McMoRan, Inc. v.*

*K N Energy, Inc.*, 498 U.S. 426, 428 (1991), the Supreme Court noted that "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." In *Freeport-McMoRan*, the plaintiffs and defendant were diverse at the time the federal action was commenced. After suit was filed, a plaintiff transferred its interests to a limited partnership which included partners with the same state citizenship of one of the defendants. *Id.* After *Freeport-McMoRan*, the district courts have grappled with the issue of whether the plaintiff's addition of a non-diverse defendant defeats diversity and, if so, under what conditions. Citing *Freeport-McMoRan*, some district courts concluded that, if the non-diverse defendant sought to be added was *indispensable* to the action at the time the action was commenced, diversity jurisdiction is destroyed, but that joinder of a *dispensable* non-diverse party does not destroy diversity jurisdiction. *See, e.g., Hartsfield v. Farmers Ins. Co. Inc.*, CIV-10-585-C, 2010 WL 3895716 (W.D. Okla. Sept. 30, 2010); *Lopez v. Farmers Ins. Co.*, CIV-10-584-HE, 2010 WL 2977301 (W.D. Okla. Jul. 27, 2010).

Other courts have concluded that the expansive language in *Freeport-McMoRan* is *dictum* as applied to a plaintiff's addition of non-diverse defendants and that *Freeport-McMoRan* should be limited to its specific facts and the substitution of parties under Fed. R. Civ. P. 25. *See, e.g., Bishop v. Moore*, Civ. A. 99-2275-GTV, 2000 WL 246583 (D. Kan. Feb. 4, 2000); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 680 (5th Cir. 1999). Those courts have noted a tension between the plain language of 28 U.S.C. § 1447(e) and an extension of *Freeport-McMoRan* to the addition of non-diverse defendants. *Bishop*, at *3; *Cobb*, 186 F.3d at 680. Section 1447(e) provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

3

With respect to § 1447(e) in the context of the addition of non-diverse defendants, the Tenth Circuit Court of Appeals has provided the following guidance:

> To be sure, if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court.... [28 U.S.C.] § 1447(e) states: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." ... As § 1447(e) indicates, however, the plaintiff does not have an absolute right to join such parties. Federal Rule of Civil Procedure 15(a)(2) allows amendments only with leave of the opposing party or the court. Further, under Rule 19 the district court must determine whether the party sought to be joined is indispensable. If so, Rule 19 requires the court either to join the party, in which case remand is necessary under § 1447(e), or to deny joinder, in which case Rule 19(b) also requires that the action be dismissed. If the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court. In exercising this discretion, the district court "typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith...." If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court. If the district court decides otherwise, it "may deny joinder." 28 U.S.C. § 1447(e).

*McPhail v. Deere & Co.*, 529 F.3d 947, 951-52 (10th Cir. 2008) (citations omitted). Thus, it appears that the Tenth Circuit would require remand under § 1447(e) if a non-diverse defendant is joined (whether that defendant is dispensable or indispensable); *see also Altizer v. Kia Motors America, Inc.*, CIV-14-459-HE, 2014 WL 3587806 (W.D. Okla. Jul. 21, 2014).

The plaintiff's *only* mention of indispensable parties is the broad statement that "[t]he parties Plaintiff seeks to add are indispensable." (Doc. 10). Plaintiff provided no factual analysis or legal authority to support his argument, and no information to indicate why THRS is an indispensable party. Plaintiff did not even cite Fed. R. Civ. P. 19 or provide any explanation of why the Court "cannot accord complete relief among existing parties" or why THRS "claims an interest relating to the subject of the action." *See* Fed. R. Civ. P. 19(a). The Court thus has no information upon which to find that THRS is an indispensable party.

Accordingly, the Court has the discretion to allow permissive joinder pursuant to Fed. R. Civ. P. 20(a)(2) under the standard identified in *McPhail*, or the Court "may deny joinder" under 28 U.S.C. § 1447(e). *See McPhail*, 529 F.3d at 951-52. In this case, the Court will exercise its discretion to deny plaintiff's request to add THRS as a party under § 1447(e) and Rule 20(a). Plaintiff's proposed amendment reveals plaintiff's intent that this case be remanded upon amendment (*see* Doc. 10-2 at 1), yet plaintiff unduly and inexplicably delayed several months after receipt of the pre-removal discovery responses upon which his motion is based, and then presented a motion which necessitated an expedited response by the defendant and expedited ruling by the Court based upon a potential statute of limitations emergency of plaintiff's own creation. Under the circumstances, the Court concludes that the plaintiff's motion to join THRS as a defendant should be, and is hereby, **denied**. *See Altizer*, 2014 WL 3587806 at *2 (denying leave to amend to add a non-diverse defendant).

Plaintiff's motion to amend and/or join is **granted in part and denied in part** as set forth herein.

SO ORDERED this 3rd day of December, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE